EMILINE JOHNSON v. THOMAS TOMLINSON et al.

CHANCERY PRACTICE. *Decrees upon order pro confesso.* A decree settling the rights of the parties, founded upon an order *pro confesso* after personal service upon a party *sui juris,* is a final decree, and cannot be set aside at a subsequent term, except upon proper proceedings instituted for that purpose. Code construed, sections 3476, 3824, 3829, 4369, 4371, 4375, 4377, 4379.

FROM HAWKINS.

Appeal from the Chancery Court at Rogersville. H. C. SMITH, Ch.

F. M. FULKERSON for complainant.

SHIELDS & SHIELDS for defendants.

FREEMAN, J., delivered the opinion of the court.

This bill is filed to enjoin a judgment rendered by a justice of the peace in favor of Tomlinson on December 31, 1870, for $157.08.

Complainant charges that she sued Tomlinson on an award rendered by certain arbitrators; that the case was continued by her to a day fixed, but on that day, "from sickness and other causes," she failed to attend with her proof, and the justice entered a judgment against her claim, and giving judgment in favor of Tomlinson, on a set-off for the sum stated. She charges that she is not aware of any debt due by her to said Tomlinson, therefore she says, the judgment is unjust.

It is then claimed the judgment is void, because nothing having been found for plaintiff, no judgment as the law then stood could have been properly rendered against her or the claim of set-off, under the case of *Brazelton* v. *Nashville & Chattanooga Railroad Company*, 3 Head, 570. On these charges she asks an injunction, and prays the judgment be declared void.

The bill was filed September 22, 1875, and process regularly executed on the defendant a few days afterwards. He failed to answer, and at May term, 1875, of the chancery court, the bill was taken for confessed, reciting the necessary facts to authorize it, and then a regular and final decree entered, based on the admission of the charges of the bill, reciting them, and the judgment perpetually enjoined, taxing defendant with the costs, and awarding an execution.

At November term, the second day of the month, there appears the following order of the court: "In this cause, for satisfactory reasons appearing to the court, the court is pleased to order and decree that the judgment and decree *pro confesso* heretofore entered against the defendant be vacated and set aside, and that defendant have three months in which to make defense." An answer was filed by the defendant, proof taken, and a decree against him, from which he appealed at October term, 1883.

The Referees report that this decree was final and complete, and being unappealed from was conclusive, the litigation ended and no case in court at the time the chancellor set it aside, consequently his action was void and of no effect.

We can see no answer to this unless we hold that a decree in a case like this, where the defendant is *sui juris*, and not within any of the exceptions provided for by our law, when taken on an order *pro confesso*, regularly entered, is not final, but may be opened on satisfactory reasons to the chancellor, reversed and set aside, as if it had not been made.

By Code, section 4369, a bill may be taken for confessed, first, when being duly served with process as already provided, the defendant fails to answer or demur by the time fixed by law.    Second, when an order for his appearance has been duly made and published as prescribed, etc.    By section 4370, in these two cases, the cause may be set for hearing at the return term of the process, etc.    The decree in this case shows this was done, and the case finally disposed of.

This certainly ended the case.    The decree setting aside the former one does not purport to have been on writ of error *coram nobis*, or any regular proceeding instituted for such purpose, nor because of agreement of counsel, but only because the chancellor, for satisfactory reasons, saw proper to treat the case as still subject to his control, and open for his action. If such action may be taken at the next succeeding term, it may be taken any number of years after, as there is no limitation in case of service of process, as there is in other cases specially provided for by other sections of the Code in this connection: Sections 3476, 4377, 4378, 4379.

If the decree had been merely interlocutory as in

the case of *Morris* v. *Richardson,* 11 Hum., 391, it could have been reached by an appeal from the final decree, but in this case it was final and complete. In the case of *Planters' Bank* v. *Fowlkes,* 4 Sneed, it was held that while the court had full power to execute its decrees, and grant a writ ¯of possession to effectuate a sale made, yet if the court had finally disposed of the case without such writ granted, the court had lost all control over the case and the party would be compelled to resort to a court of law to obtain possession of land purchased: See also ·*Vanbibber* v. *Sawyers,* 10 Hum., 81.

But section 5718, new Code by Milliken & Vertrees, 4375 old, seems conclusive of this question in connection with sections 4370 and 4371, old Code, sections 5113, 5114, new Code. These sections provide in a case like the present, the cause may be *set for hearing at the return term* of the process; and that when the order *pro confesso* is lawfully had, the allegations in the bill are taken as admitted, except in the case of infant defendants, persons of unsound mind, etc. These provisions can only mean that when the process has been served and the defendant fails to answer, then on order *pro confesso* taken, there may be at the option of complainant a regular and legal trial of the cause or bill, and such order, the allegations of the bill thus confessed, to be taken at the time, and so admitted to be by the defendant. This is to be the evidence on that trial thus provided for. Before this trial and a final decree had on it, a provision is made, however, for defendant, setting aside the order *pro*

*confesso* alone. The section reads: "A defendant who has been served with process—as in this case—may, at any time before *final* decree, *on* good cause shown, obtain from the chancellor or clerk and master, an order setting aside the decree *pro confesso,* upon filing a full and sufficient answer and payment of costs."

This section gives the right, on good cause shown, for the chancellor or the master to set aside the decree *pro confesso,* but it is evident this refers simply to what we mean by the order *pro confesso* and not a decree, after the cause has been set for hearing and heard, and a final decree entered on that hearing. This is seen from the fact that the decree here spoken of is one the master may make as well as the chancellor, and this can only be the simple order *pro confesso.* But the other provision, that this can only be done at *any* time before final decree puts it beyond question. If a final decree has been entered and court adjourned, after regular hearing as provided, then the case has passed beyond the control of the master or chancellor. This must be so, or else we must interpolate on the statute words that would make it contradictory of itself, and make it read "at any time before final decree, and also at any time after such decree on good cause shown." This would be contradictory, because the settled rule of construction is that an affirmative provision implies the negative, and forbids its opposite to be done, and so the affirmative, that "it shall be done at any time before final decree," necessarily implies that after that it cannot be done. And so the statute would in the

Johnson *v.* Tomlinson.

first clause forbid, and the next permit. The compilers of the Code have never in the same section, been in the habit of using such language, and no principle demands such an interpolation by construction. Why should not this be so? What essential element of difference is there in such a decree, and any other final decree in which a case has been disposed of on admission of the defendant, in view of the section of the Code quoted making the order *pro confesso* equivalent to an admission of the allegations of the bill. If the party had answered and so admitted them, there could be no question that a decree on bill and answer would be beyond the control of the court after adjournment at the term. The statute has made the order *pro confesso* equivalent to this, and authorized the case to be set for trial on this as the sole necessary evidence in favor of complainant, and as admission by law of the facts charged, so that there is not only a decree by default, which takes the place of an answer confirming their truth, but then a trial without an answer, and a final decree on that trial, the defendant cannot complain. The court has jurisdiction of the subject-matter, and by service of process on him of his person. If he fail to answer it is his own fault and negligence. If sick his counsel could always get time to answer. If he fails to employ counsel he is negligent. If without any fault on his part, then a writ of error *coram nobis* is a remedy provided by section 3829, new Code, when "the party is prevented by disability from showing or correcting the error, or in which he was prevented from

39—VOL. 13.

making defense by surprise, accident, mistake or fraud *without* fault *on* his part."

So we have by the Code an affirmative provision that impliedly forbids setting aside a final decree by the court, and an express statutory remedy given, limited to a year by section 3824 new Code, and certainly these two provisions must be conclusive against the power exercised by the court in this case.

This limitation would be rendered inoperative entirely, if for the same or like causes the court could, on mere motion, or at any rate, without pursuing the remedy provided set aside its final decrees. There is no limitation as to time prescribed by any statute, and so it could be done, as we have said, at any time, this court having no power to enact a limitation when the Legislature has prescribed none.

The same conclusion was reached two years since at Nashville in an opinion by Judge McFarland, a rehearing was granted in that case, and the case decided on a different question, but that opinion on this question was not changed, but approved by a majority of the court refusing to allow the case to be decided on a contrary view, by Jones, Special Judge.

While it might be the court went beyond sound principle, perhaps, in the 4th Sneed case, at any rate to the verge of the law, as the writ of possession asked was but in the nature of an execution, and the court might well have said the case was still under its control for that purpose, that is, effectuating its decree by any process appropriate to that end; yet that view would not sustain the action here, where instead of

·executing, the decree is annulled and set aside. This is the duty of a revising court, or the same court under a revisory proceeding, as writ of error *coram nobis* as provided by statute, and within the time prescribed.

The result is the report of the Referees is ap-·proved, with costs of this and court below.